UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONAI EL-SHADDAI,<br><br>    Petitioner,<br><br>    v.<br><br>T. FELKER, et al.,<br><br>    Respondents. | No. 2:06-CV-2923-FVS<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

   **THIS MATTER** comes before the Court on Petitioner's Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Ct. Rec. 1). Petitioner is proceeding pro se.  Respondent is represented by Andrew Robert Woodrow, an Assistant Attorney General for the State of California.

   **BACKGROUND**

   At the time his petition was filed, Petitioner was in the custody of the California Department of Corrections and Rehabilitation pursuant to his July 25, 1979, conviction in Los Angeles County Superior Court for one count of kidnaping for robbery, one count of robbery, two counts of forcible rape in concert with another, and once count of grand theft of an automobile.  (Ct. Rec.8, Exh. 1). Petitioner is a life prisoner serving an indeterminate term of imprisonment.  He has not been found suitable for parole.  Petitioner does not challenge the validity of his conviction or sentence but

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

seeks habeas relief on the ground that he was denied due process at a prison disciplinary hearing. (Ct. Rec. 1).

On May 18, 2005, Petitioner was issued a Rules Violation Report charging him with resisting a peace officer in violation of California Code of Regulations, title 15, section 3005(c). (Ct. Rec. 8, Exh. 4). A disciplinary hearing on the report was held on June 19, 2005, before Senior Hearing Officer J. L. Bishop, and Petitioner was found guilty of the charged violation. (Ct. Rec. 8, Exh. 4). Petitioner was assessed 90 days loss of credit. *Id*.

Petitioner pursued his administrative appeals in an effort to reverse the decision of the senior hearing officer; however, all appeals were denied.

Petitioner filed petitions for a writ of habeas corpus with the Lassen County Superior Court, the California Court of Appeal, Third Appellate District, and the California Supreme Court, all of which were denied. (Ct. Rec. 8, Exh. 7-9).

On December 28, 2006, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner claims his due process rights were violated at the disciplinary hearing because he was denied witnesses and there was insufficient evidence to support the guilty finding. (Ct. Rec. 1). Petitioner requests that the guilty finding be reversed. (Ct. Rec. 9 at 5).

Respondent filed a response to the petition on February 26, 2007. (Ct. Rec. 8).

Petitioner filed a traverse to the response on March 20, 2007. (Ct. Rec. 9).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

Petitioner's petition for writ of habeas corpus (Ct. Rec. 1) is now before the Court.

**DISCUSSION**

**I.   Habeas Corpus Jurisdiction**

Respondents assert that the petition should be denied because habeas jurisdiction is absent in this case.  (Ct. Rec. 8 at 6-7). Specifically, Respondents indicate that Petitioner's rule violation resulted in a loss of credit which would have only affected his minimum eligible parole date.  A minimum eligible parole date affects the date of a life prisoner's initial parole hearing.  Since Petitioner is a life prisoner who has not been found suitable for release after ten parole hearings, and Petitioner's initial parole hearing has thus long since passed, Respondents argue that a successful challenge to his disciplinary proceeding will not result in a shorter sentence for Petitioner.

Habeas corpus jurisdiction is available for a prisoner's claim that he has been denied good time credits without due process of law. *Preiser v. Rodriguez,* 411 U.S. 475, 487-488, 93 S.Ct. 1827, 1835-1836, 36 L.Ed.2d 439 (1973); *Toussaint v. McCarthy,* 801 F.2d 1080, 1096 n. 14 (9th Cir. 1986).  Habeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole. *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989).

In this case, Petitioner seeks relief from the imposition of the disciplinary sanctions involving forfeiture of good time credits.  It appears Petitioner seeks expungement of the incident from his

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

disciplinary record to better has chances for release at future parole hearings.  (Ct. Rec. 9).  Under these circumstances, habeas corpus jurisdiction exists, and the matter may proceed.  *See Bostic*, 884 F.2d at 1269.

**II.  Disciplinary Proceeding**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief if a state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d); *see, Williams v. Taylor*, 529 U.S. 362, 399, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  "Clearly established federal law" consists of "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Anderson v. Terhune*, 516 F.3d 781, 798 (9th Cir. 2008) (citing *Lockyer v. Andrade*, 538 U.S. 63, 70-73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)).  A decision is "contrary to" clearly established federal law in two circumstances.  First, a state court decision is contrary to clearly established federal law when "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  *Williams*, 529 U.S. at 405, 120 S.Ct. at 1519, 146 L.Ed.2d at 425.  Second, a state court decision is "contrary to" clearly established federal law when the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4

case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 412-413, 120 S.Ct. at 1523, 146 L.Ed.2d at 430. A state court unreasonably applies clearly established federal law when it applies the law in a manner that is "objectively unreasonable." *Id.* at 409. "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under § 2254(d)(1) - whether a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law." *Lockyer*, 538 U.S. at 71.

Furthermore, habeas relief is warranted only if a constitutional error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)); *Bains v. Cambra*, 204 F.3d 964, 977-978 (9th Cir.) *cert. denied*, 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000). Petitioner is entitled to habeas relief only if he can show that any constitutional violation "resulted in 'actual prejudice.'" *Brecht*, 507 U.S. at 619.

In examining whether state courts reached a decision that was contrary to federal law or whether the state court unreasonably applied such law, the Court should look to the last reasoned state court decision. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002) *cert.* dismissed, 538 U.S. 919, 123 S.Ct. 1571, 155 L.Ed.2d 308 (2003). Here, the last reasoned decision from a California state court is the decision of the Lassen County Superior Court. (Ct. Rec. 8, Exh. 7).

In that decision, the superior court concluded that sufficient evidence existed to support the disciplinary action and rejected Petitioner's contention that he was denied witnesses in violation of the due process clause. *Id*.

*Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent, etc. v. Hill*, 472 U.S. 445 (1984), provide binding Supreme Court authority pertaining to prisoner disciplinary proceedings. In *Wolff*, the Court held that prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. *Wolff*, 418 U.S. at 555. Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. *Id.* at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. *Bostic*, 884 F.2d at 1269, *citing Hill*, 472 U.S. at 454-455.

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Hill*, 472 U.S. at 454; *Wolff*, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." *Hill*, 472 U.S. at 455, *citing United*

///

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 6

*States ex rel. Vatauer v. Commissioner of Immigration*, 273 U.S. 103, 106 (1927).

**A.   Witnesses**

Petitioner contends he was denied the opportunity to present a meaningful defense because he was denied two witnesses at the disciplinary hearing. (Ct. Rec. 1). So long as the reasons given by the hearing officer for denying witnesses are logically related to preventing undue hazards to institutional safety or correctional goals, the explanation should meet the due process requirements of *Wolff*. *Ponte v. Real*, 471 U.S. 491, 497 (1985). Those reasons may be "irrelevance, lack of necessity, or the hazards presented in individual cases." *Id*. at 496.

With regard to the first requested witness, Inmate Alexander, the senior hearing officer stipulated to his proposed testimony that Petitioner never resisted and that the librarian was still making copies for him when the correctional officer ordered him to exit the library. (Ct. Rec. 8, Exh. 4). The inmate witness' live testimony was thus unnecessary.

Petitioner next complains that he was not allowed to call as a witness the librarian, LTA Thompson. The senior hearing officer denied the request because Petitioner failed to provide the nature of the testimony, the information available appeared sufficient for a finding of fact, and the testimony of the librarian was unlikely to influence the outcome of the hearing. (Ct. Rec. 8, Exh. 4). In fact, LTA Thompson's statements were already contained in the Investigative Employee Report. His statement indicates he witnessed Petitioner

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 7

"refusing and resisting Officer Wheeler," and that, after Officer Wheeler took Petitioner down, he was unable to see what happened next. (Ct. Rec. 1, Exh. D). Petitioner failed to indicate how the witness' testimony would have exonerated him of wrongdoing, the witness' statement was already part of the record, and a review of the witness' statement reveals that he witnessed Petitioner "refusing and resisting." Accordingly, it appears that the librarian's live testimony would have been duplicative of his statement, cumulative of the other statements provided in the report and not beneficial to Petitioner's defense.

Based on the foregoing, the denial of the two requested witnesses at the hearing did not violate Petitioner's due process rights under *Wolff*. Petitioner is not entitled to habeas relief on this claim.

**B.   Sufficiency of the Evidence**

Petitioner claims that the evidence was not sufficient to support the guilty finding. Petitioner states that there is no evidence that he violated California Code of Regulations, title 15, section 3005(c).[1]

///

---

[1] Title 15, California Code of Regulations, Section 3005(c) provides:

> Force and Violence. Inmates shall not willfully commit or assist another person in the commission of a violent injury to any person or persons, including self mutilation or attempted suicide, nor attempt or threaten the use of force and violence upon another person. Inmates shall not willfully attempt to incite others, either verbally or in writing, or by other deliberate action, to use force or violence upon another person.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 8

As stated above, in a disciplinary hearing, due process requires only that the decision be supported by "some evidence." *Hill*, 472 U.S. at 455. The statement of Officer Wheeler is "some evidence" supporting the guilty finding.[2] Moreover, Officer Wheeler's statement was not the only evidence relied on by the senior hearing officer. In his decision, the senior hearing officer also noted that Petitioner's

---

[2]The Rules Violation Report authored by Correctional Officer B. Wheeler reads:

> On 5/18/05, at approximately 1515 hours, while performing my duties as "D" Facility Utility Officer, Officer Albonico and I were attempting to release inmate from D Law Library and escort them back to their assigned buildings. [Petitioner] approached me and demanded I take him to D program office to staple his legal work before escorting him back to D5. I informed [Petitioner] that I was going to escort him from D law library to D5 without stopping at D program. [Petitioner] became angry and started to talk very loud, demanding me to take him to D program to use the industrial stapler. I ordered [Petitioner] to exit the D law library. [Petitioner] didn't comply with my order, by turning and walking away towards the back of D law library away from the door to exit. I attempted to escort [Petitioner] out of the law library by placing my right hand on [Petitioner's] upper left arm. [Petitioner] quickly turned toward me in an attempt to break free from my control of his upper left arm. I attempted to maintain control of [Petitioner]. I wrapped both my arms around [Petitioner's] upper torso area and using physical strength, forward momentum, and my body weight, forced [Petitioner] to the ground. [Petitioner] began kicking his legs and continued to be resistive, yelling, "You broke my leg." I ordered [Petitioner] to stop resisting. [Petitioner] refused to comply with my orders and continued to kick his legs. Officer Albonico responded and placed his shins on [Petitioner's] lower extremities in an attempt to keep [Petitioner] from kicking and being resistive. Officer Norton responded with leg irons and placed them on the ankles of [Petitioner]. I relinquished my control of [Petitioner] to Officer Norton.

(Ct. Rec. 8, Exh. 4).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 9

testimony indicated his culpability in the matter by admitting that after being ordered by Officer Wheeler to exit the law library, he did not promptly do so as is required of all inmates.  Petitioner admitted he returned to the counter of the law library against Officer Wheeler's direction to exit immediately.  The senior hearing officer also considered the investigative employee's report wherein Petitioner asked LTA Thompson a question regarding how Petitioner was refusing and resisting.  LTA Thompson responded that "[Petitioner] said he wasn't leaving.  He turned towards me and it appeared he pulled away from Officer Wheeler."  (Ct. Rec. 8, Exh. 4).

The evidence was more than sufficient to support the finding that Petitioner was guilty of willfully resisting a peace officer.  Accordingly, Petitioner is not entitled to habeas relief on his sufficiency of the evidence claim.

**CONCLUSION**

The record before the Court affirmatively shows that Petitioner's required minimum due process rights were satisfied.  Petitioner received an initial copy of the rules violation report within 15 days of the date of discovery of the charged offense, Petitioner was provided with an investigative employee, all non-confidential evidence was issued or made available to Petitioner before the hearing, Petitioner had an opportunity to be heard and present evidence, and Petitioner received a written statement by the senior hearing officer of the evidence relied on and the reasons for the disciplinary action.  (Ct. Rec. 8, Exh. 4).  As discussed above, and as determined by the Lassen County Superior Court (Ct. Rec. 8, Exh. 7), there was

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 10

sufficient evidence to support the finding.  The Lassen County Superior Court decision was not contrary to or an unreasonable application of United States Supreme Court authority.  28 U.S.C. § 2254(d).

The Court being fully advised, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (**Ct. Rec. 1**) is **DENIED**.  Judgment shall be entered in favor of Respondents and against Petitioner.

The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, **enter judgment accordingly**, furnish copies to counsel and **Petitioner** and **CLOSE THE FILE**.

**DATED** this  4th  day of November, 2009.

               S/Fred Van Sickle
                Fred Van Sickle
       Senior United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 11